UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABELLA SAVINI MERANTE,<br><br>      Plaintiff,<br><br>  v.<br><br>AMERICAN INSTITUTE FOR FOREIGN STUDY, INC.,<br><br>      Defendant. | Case No. 21-cv-03234-EMC<br><br>**FINAL APPROVAL ORDER AND JUDGMENT**<br><br>Docket Nos. 56, 58 |

## INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Final Approval of a Class Action and Private Attorney General Act ("PAGA") settlement and Motion for Order Approving Attorneys' Fees, Costs, and Representative Service Payment. This Court previously granted preliminary approval of the settlement. Docket No. 54. Now, in light of those reasons, the arguments of counsel at the final approval hearing, and the favorable reaction of the class members with only two opts-outs and no objections, the Court hereby **GRANTS** Plaintiffs' motions and orders as follows.

## TERMS OF THE SETTLEMENT

The terms of the settlement are memorialized in the Settlement Agreement ("Agreement" or "Settlement") filed contemporaneously with Plaintiff's motion. A summary of the terms of the Settlement is as follow:

**A.   Monetary and Non-Monetary Relief**

As part of the Agreement, Defendant will pay $1,000,000, known as the "Gross Settlement Amount," inclusive of the following: (a) payments to participating Class Members; (b) Class

Counsel's attorneys' fees of $250,000; (c) Class Counsel's litigation costs and associated expenses of $2,674.08; (d) PAGA Allocations of $100,000 total, with $75,000 to be distributed to California's Labor Workforce Development Agency ("LWDA") and the remaining $25,000 to be paid proportionately to all PAGA members; (d) administration costs not to exceed $24,623; and (e) the Class Representative Service Payment of $5,000 to Named Plaintiff Isabella Savini Merante. The participating Rule 23 Class Members will receive an average net payment of $418.28.

As part of the Agreement, Defendant further agrees to notify the host families in California who participate in Defendant's program that they: "are responsible for complying with the California Labor Code, including the obligation to pay all hours worked by the au pair at the applicable state or local minimum wage." (*See* Agreement § 61(a)).

## B.    Definition of PAGA Group and Rule 23 Class

PAGA Members are defined as those Class Members who resided with a family in the State of California that engaged Defendant for the purpose of receiving the placement of an au pair to provide services for the Host Family from January 8, 2020 through the date on which this Court previously granted preliminary approval of this Agreement. (*Id.* at §§ 19, 28, 29). There are a total of 1,478 PAGA Members.

The proposed Rule 23 class consists of all current and former au pairs participating in the Defendant's program who resided with Host Families in California from January 8, 2020 through the date on which this Court granted preliminary approval of this Agreement. (*Id.* at § 8, 11). There are a total of 1,478 Class Members and there are a total of 1,476 Participating Class Members.

## C.    Release of Claims

Pursuant to the Agreement, the Released Parties include: the named Defendant, the American Institute For Foreign Study, Inc., and its past, present and/or future, direct and/or indirect, officers, directors, members, managers, employees, agents, representatives, attorneys, insurers, partners, investors, shareholders, administrators, parents, subsidiaries, affiliates, divisions, predecessors, successors, assigns, and joint venturers. The Released Parties further

includes all host families who hosted a Class Member in the Defendant's au pair program during the Class Period.

The Rule 23 Class release extends to the alleged violations of Labor Code Section 226 for failure to provide accurate wage statements and any related claims under Section 226 that could have been alleged based on the facts and legal theories asserted in the First Amended Complaint. (Agreement § 35). The release covers the period from January 8, 2020 0through the date on which this Court granted preliminary approval of this Agreement. (*Id*.) The PAGA release extends to the PAGA claims that were alleged in the complaint, and any related PAGA claims that could have been asserted based on the same or similar factual allegations. (*Id.* at § 34). The PAGA release expressly excludes all other claims. (*Id*.). The release covers the period from January 8, 2020 through the date on which the Court granted preliminary approval of this Agreement. Any Class Member who opts out of the Class Settlement will still be bound by the PAGA Release if they are PAGA Members. (*Id.* at § 30).

**D.      Distribution of Funds**

After this Court's entry of judgment becomes final, as defined by the Agreement, Defendant shall fund the Qualified Settlement Fund ("QSF") with the Gross Settlement Amount within thirty-five (35) calendar days (Agreement § 56). All PAGA Members and Class Members will receive a pro rata allocation as detailed in the Parties' Agreement. Within fourteen (14) days after Defendant funds the QSF, the Administrator will issue payments to PAGA Members and Participating Class Members via PayPal to the email address used to distribute Notice. (*Id.*). Class Members may request PayPal payment directed to a different email address, or may provide instructions for ACH payment, but must do so within sixty (60) days of the Administrator first emailing notice. (*Id.* § 49(g)).

## ANALYSIS

**A.      The Rule 23 Class is Finally Certified for Settlement Purposes**

This Court preliminarily certified the below Rule 23 class for settlement purposes:

> All current and former au pairs participating in the Defendant's program who resided with Host Families in California from January 8, 2020 through the date on which the Court grants preliminary

3

1           approval of this Agreement.

2 Having considered the proposed Settlement Class and Plaintiff's final approval briefing on the

3 matter, this Court hereby affirms that finding and finally certifies the above-defined Class for

4 settlement purposes. Rule 23(a) is satisfied because this proposed Class is so numerous that

5 joinder of all Class Members is impracticable, there are questions of law or fact common to the

6 Class, the claims of Plaintiff are typical of the claims of the Class; and Plaintiff will fairly and

7 adequately protect the interests of the Class. Moreover, the requirements of Rule 23(b) are

8 satisfied because questions of law or fact common to Class Members predominate over any

9 questions affecting only individual Class Members.

### B.  Appointment of Class Counsel and Named Representative

This Court confirms its appointment, for settlement purposes only, of Named Plaintiff Merante as Class Representative and of Matthew Helland and H. Clara Coleman of Nichols Kaster, LLP, Peter Rukin of Rukin Hyland & Riggin LLP, and Rachel Dempsey of Towards Justice as Class Counsel. The Court finds Plaintiff Merante has been dedicated to the case throughout and adequately represents the Class, and the attorneys' extensive experience in representing employees in class action suits qualifies them to act as Class Counsel for settlement purposes.

### C.  Notice to Class Members

The Court has reviewed Plaintiff's briefing on the notice process and the reviewed the Administrator's declaration of due diligence setting forth its compliance with its obligations under the Agreement and detailing the requests for exclusions and disputed claims. The Court confirms its preliminary finding that that the Parties' proposed notice plan is constitutionally sound and that the Class Notice adequately informs the Class of their rights. The Court hereby finds that the notice was issued in accordance with due process.

### D.  The Settlement is Fair, Adequate, and Reasonable

The Court confirms its preliminary finding that the proposed settlement is fair, reasonable and adequate. In deciding whether to approve a proposed class action settlement, the Court must determine whether a proposed settlement is "fair, adequate and reasonable." *Officers for Justice v.*

4

1  *Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *see also* Fed. R. Civ. P. 23(e)(1)(C).
2  Moreover, federal district courts reviewing PAGA settlements have also drawn on factors utilized
3  by the Ninth Circuit in evaluating whether a class action settlement is "fundamentally fair,
4  adequate, and reasonable." *See O'Connor v. Uber Techs*., 201 F. Supp. 3d. 1110, 1134 (N.D. Cal.
5  2016); *see also Hanlon v. Chrysler Corp*., 150 F.3d 1011 (9th Cir. 1998).

  The Court restates its finding that the settlement reflects the informed views of experienced counsel and is the product of serious, arms-length negotiations conducted after investigation and discovery. Moreover, the Court finally finds that the settlement is fair given the strength of Plaintiff's case and the risk, expense, and complexity of further litigation. The monetary and non-monetary terms are reasonable given the risks inherent in the pending U.S. Supreme Court *Viking River* decision and other substantial risks Plaintiff faced in proving their allegations, as described in detail in Plaintiff's motion.

### E.  Class Counsel's Requested Fees and Costs Are Reasonable

  The United States Supreme Court "has recognized consistently that a litigant or a lawyer who recovers a common fund … is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). "The case law construing what is a reasonable fee applies uniformly to all federal fee-shifting statutes." *Haworth v. State of Nevada*, 56 F.3d 1048, 1051 (9th Cir. 1995). The Ninth Circuit's benchmark for presumptively reasonable fees in the common fund context is twenty-five (25) percent of the gross settlement amount. *See In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935, 942 (9th Cir. 2011); *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990).

  Here, Plaintiff asks for a fee that is 25% of the settlement, or $250,000. The Court finds this to be reasonable. The Court finds that Class Counsel employed their years of wage and hour class and collective action experience and skill to streamline the litigation and optimize the results. As a result, they were able to obtain significant economic and non-economic relief under difficult circumstances. Furthermore, Plaintiff retained Counsel on a contingency basis, agreeing that attorneys' fees and reimbursement of costs would only be realized if there was recovery. Class Counsel thus invested their hours with no guarantee of payment. Finally, the fee requested and

results obtained here compare favorably with other court-approved fee awards. *See, e.g., In re Pac. Enterprises Sec. Litig.*, 47 F.3d 373, 378-79 (9th Cir. 1995) (affirming fee award of one-third of settlement); *Singer v. Becton Dickinson & Co.*, No. 08-821 IEG, 2010 WL 2196104 at *8-9 (S.D. Cal. Jun. 1, 2010) (33.33% of wage and hour settlement "falls within the typical range ... in similar cases"; citing awards of 33.33%-40%); *Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 449 (E.D. Cal. 2013) (awarding one-third percent in wage and hour class action); *Stuart v. Radioshack Corp.*, C-07-4499 EMC, 2010 WL 3155645, at *6 (N.D. Cal. Aug. 9, 2010) (awarding one-third of settlement fund in wage-and-hour class action and noting that "[t]his is well within the range of percentages which courts have upheld as reasonable in other class action lawsuits"). A lodestar crosscheck further supports the fees requested. Class Counsel's requested rates are reasonable. Specifically, the Court approves the following hourly rates:

   Matthew Helland: $700.00

   H. Clara Coleman: $350.00

   Peter Rukin: $900.00

   Rachel Dempsey: $525.00

The Court also finds that the amount of time billed by Counsel, a total of 339.3 hours is reasonable and was necessary for successful resolution of the case. Class Counsel's lodestar is $178,957.00. Given the significant result obtained in this early settlement, a 1.4 multiplier on the lodestar crosscheck is reasonable. Thus, the Court hereby finds Class Counsel's fee request of $250,000 is reasonable.

Class Counsel further seeks payment of $2,674.08 in out-of-pocket litigation costs. Counsel represents the costs incurred include electronic research charges, document retention database charges, and filing fees. The Court finds these costs reasonable and necessary for successful prosecution of the case. Plaintiff also seeks administration costs totaling $24,623. The Court finds this amount to be fair and reasonable for purposes of effectuating the settlement and hereby approves the request.

### F. The Requested Service Payment is Reasonable

Service awards for representatives "are intended to compensate class representatives for

work done on behalf of the class, to make up for financial and reputational risk undertaken in bringing the action and [ ] to recognize their willingness to act as a private attorney general" and are "fairly typical in class action cases." *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009). "[I]n this district, a $5,000 incentive award is presumptively reasonable." *In re Linkedin User Privacy Litig.*, 309 F.R.D. 573, 592 (N.D. Cal. 2015) (citing *Chao v. Aurora Loan Services, LLC*, 2014 WL 4421308, at *4 (N.D. Cal. Sept 5, 2014)).

Here, Plaintiff requests the Court's final approval of a Class Representative Service Payment in the amount of $5,000 to Named Plaintiff Isabella Merante to be paid to her in addition to her Individual Class Settlement payment. Counsel represents that Plaintiff Merante initiated this case and performed substantial work in support of the case – including attending two lengthy settlement conferences. The Court finds the service award sought here is well within the range that federal judges award in class, collective, and representative actions, and is thus approved as reasonable.

## **CONCLUSION**

In conclusion, the Court **GRANTS** Plaintiff's Motions. The Court hereby enters Judgment approving the terms of the Settlement Agreement, and it is hereby **ORDERED** that:

(a) Based on the papers filed with the Court and the presentations made to the Court by the Parties at the final approval hearing, the Court now grants final approval to the Settlement and finds that the Settlement Agreement is fair, adequate and reasonable, and is the product of arm's-length and informed negotiations. Therefore, the Settlement is **FINALLY APPROVED**;

(b) The Court, having considered the materials submitted by Class Counsel in support of approval of the Settlement and their request for attorneys' fees, costs, and expenses, finds the award of attorneys' fees and costs, appropriate and reasonable. Therefore, Class Counsel's request for payment of $250,000 in attorneys' fees and $2,674.08 in costs is **FINALLY APPROVED**;

(c) A payment to the settlement administrator in an amount not to exceed $24,623 from the settlement as full payment for its services in administering the settlement through

completion is **FINALLY APPROVED**;

(d) A Class Representative Service payment of a $5,000 to Named Plaintiff Merante for her vital role in achieving a settlement that provides a significant payout and substantial non-monetary relief is **FINALLY APPROVED**; and

(e) Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**; with this Court retaining jurisdiction solely for purposes of (i) enforcing this Agreement, (ii) addressing settlement administration matters, and (iii) addressing such post-Judgment matters as may be appropriate under court rules or applicable law.

**IT IS SO ORDERED.  LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: December 20, 2022

_____
EDWARD M. CHEN
United States District Judge

8